OPINION
Robert A. Brandt II appeals from his conviction of criminal damaging in the Vandalia Municipal Court after a bench trial.
The incident that gave rise to the criminal charge occurred on April 23, 2001. At that time Melissa Milam was living with Brandt who had custody of his two small boys. Melissa testified that on that day she went to a girlfriend's house and took her girlfriend's five year old daughter back to Brandt's home to play with Brandt's two boys.
Milam testified that Brandt became upset when she brought the child over to his house without his permission and asked her to take the child home to her mother. Milam testified that as she went to leave Brandt's home, Brandt took something and busted the windshield in her car. She testified "But I heard a pop noise and I realized, walked around the corner and I see Bob like sort of bent over and he took, he had taken something and busted a big thing in the windshield of my car." (Tr. 5 and 6). She identified a photograph of the damaged automobile at the trial depicting the smashed window. (State's Ex. 2). She said she got in the car and drove to the Residence Inn and called the police.
On cross-examination, Milam denied being highly intoxicated at the time of the incident and denied doing the damage to her car to get back at Robert Brandt because he wouldn't have a cookout that day. (Tr. 13). She admitted striking Brandt after he busted the windshield on her car. (Tr. 10). She admitted she did not actually see the defendant strike the windshield but she heard the pop noise and no one else was there except the small child she had taken to Brandt's home.
Patrolman Joseph Manning of the Vandalia Police Department testified he was dispatched to Brandt's home on a report of domestic violence. Manning said he arrived at Brandt's residence at about 6:00 p.m. and spoke to Brandt who reported that Melissa Milam had assaulted him. Manning said Brandt was highly intoxicated. Manning said he observed a 1984 Toyota in Brandt's driveway with damage to the driver's side windshield.
Manning said the damage was a fairly large circular area and had "spiderwebbed" out. He said he observed several small slivers of glass that "appeared to be fresh damage to the vehicle." He explained that fresh damage is present when you observe remaining slivers of glass. On cross-examination, Manning said Melissa Milam was intoxicated also.
Brandt testified in his own defense and denied damaging Milam's car. He said he got into an argument with Milam on the day in question and she struck him on the side of his head knocking his glasses off. Brandt said Milam went outside his house and he followed her outside where she continued to kick and strike him several times. Brandt said Milam then got in her car and drove off. (Tr. 25). He said he then went back in the house and called the police.
Brandt testified he observed that Milam's car windshield was broken as she was pulling out of the driveway of his house. (Tr. 26). Officer Manning was recalled to the stand and testified he saw scratches on Brandt's right leg when he came to the scene. In his first assignment, Brandt contends there was insufficient evidence produced by the State to convict him.
Brandt notes that Ms. Milam testified she did not see him smash the windshield of her car. He notes the State presented no instrumentality with which he could have caused the damage to the victim's windshield. He notes that although Officer Manning testified the damage to the windshield was "fresh" he produced no glass fragments from the driveway to corroborate his observations. Finally he points out that Officer Manning observed the scratches on his body resulting from his altercation with Ms. Milam and that Manning also noted that Ms. Milam appeared intoxicated. In summary, Brandt argues that viewing the evidence in its best light, no reasonable juror could have found him guilty beyond a reasonable doubt. In short, Brandt argues the trial court "lost its way."
Sufficiency of the evidence is a question of law which tests the adequacy of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380,386. When addressing a claim of insufficient evidence, a reviewing court must consider all probative evidence and the reasonable inferences to be drawn therefrom in a light most favorable to the prosecution to determine whether any rational trier of fact could have found all the elements of the crime charged beyond a reasonable doubt. State v. Filiaggi (1999),86 Ohio St.3d 230, 247. To support a conviction of criminal damaging, the prosecution must prove beyond a reasonable doubt that Defendant knowingly caused or created a substantial risk of physical harm to any property of another without the other person's consent. R.C. 2909.06.
In reviewing a sufficiency of the evidence assignment, an appellate court's function is to examine the evidence and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259.
In its decision of November 5, 2001, the trial court stated it "finds the State's witnesses to be credible and the defendant's explanation and version of the event not to be credible and accordingly finds the defendant guilty."
Since the trial court believed Melissa Milam's testimony then this record supports the trial court's finding that appellant committed the crime of criminal damaging. Although Ms. Milam testified she did not actually see Brandt hit her car windshield, she said she heard a pop noise and then saw the damage to her car. She testified no one else was present except the small child she had taken to appellant's house. The first assignment is overruled.
In his second assignment appellant contends the trial court erred when it found the testimony of the complaining witness to be credible. We will treat this assignment as a claim that the judgment was against the manifest weight of the evidence.
In addressing a manifest weight assignment, an appellate court reviews the whole record and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the trier of fact clearly "lost its way" and created a manifest miscarriage of justice. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. State v. Thompkins, supra, at 387 quoting State v. Martin (1983), 20 Ohio App.3d 172, 195. Substantial deference must be accorded the factfinder's determination of credibility because the factfinder has seen and heard the witness., Appellant notes that Ms. Milam was intoxicated at the time of the incident and was confused about dates. He also notes that Ms. Milam is a known drug addict. He contends the trial court "lost its way" when it found the complaining witness credible.
There is evidence in the record that Ms. Milam was intoxicated. There was no evidence in this record that Ms. Milam was a drug addict or under the influence of drugs at the time of the incident. Although Ms. Milam was uncertain about the exact date of the incident, she knew it happened in the "spring." (Tr. 7). Ms. Milam was to testify at a trial conducted on October 29, 2001, nearly seven months after the incident. It is not significant that the witness could not remember the specific date of the incident.
On the other hand there was evidence that the defendant was highly intoxicated and that he was quite upset with Ms. Milam. The court could properly infer that Ms. Milam would not damage her own vehicle. Although Ms. Milam admitted she did not actually see Brandt strike her car, she did hear a popping noise consistent with an object striking a windshield and the defendant did not dispute that he was the only other adult on the premises. Officer Manning testified the damage to Ms.Milam's car was "fresh." In conclusion, we do not find any evidence that the trial court "lost its way" in concluding that Ms. Milam was credible and that Brandt had struck her vehicle in anger. The appellant's second assignment of error is also overruled.
The judgment of the trial court is Affirmed.
FAIN and GRADY, JJ., concur.